# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICA HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-129-G |
| | ) |
| PROGRESSIVE MANAGEMENT SYSTEMS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On February 18, 2021, Plaintiff Erica Hines, appearing through counsel, filed this lawsuit against Defendant Progressive Management Systems, alleging violations of the Fair Debt Collection Practices Act. *See* Doc. No. 1.

Plaintiff paid her initial filing fee and, on March 24, 2021, obtained issuance of summons in this matter. *See* Doc. Nos. 2, 3. Plaintiff, however, failed to enter an appearance of counsel or otherwise move forward with prosecuting her claims. In addition, there has been no proof of service or waiver of service filed for Defendant, and there is no indication that Defendant is otherwise aware of this lawsuit.

Accordingly, on May 25, 2021, the Court directed Plaintiff to show cause in writing, within 14 days, why her claims against Defendant should not be dismissed. *See* Order of May 25, 2021 (Doc. No. 4) at 1. This Order was served upon Plaintiff through electronic notification to her attorney, and there is no indication from the docket that it was not received. As of this date, Plaintiff has not responded to the Court's Order and has not shown that service has been perfected on Defendant.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Thus, Plaintiff's failure to complete proper service upon Defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendant, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m). Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action;" (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in*

*forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no request for additional time or assistance with service. Defendant is not a federal officer, Plaintiff is not proceeding *in forma pauperis*, and there is no apparent confusion or delay justifying an extension. Further, even assuming the relevant statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of Plaintiff's claims. Oklahoma's "savings statute," which has been applied to federal causes of action, may save the claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile her claims against Defendant within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." OKLA. STAT. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to either cure the failure or argue for a different result. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims against Defendant Progressive Management Systems for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 28th day of June, 2021.

*[signature]*
CHARLES B. GOODWIN
United States District Judge